**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA** **PLAINTIFF**

**v.** **CASE NO. 4:24-CR-00038 BSM**

**ARTHUR JOYNER** **DEFENDANT**

**ORDER**

Defendant Arthur Joyner's objection to the presentence investigation report's [Doc. No. 107] finding that his prior drug conviction is a "felony drug offense" under 21 U.S.C. section 841(b)(1)(C) is sustained, and his objection to the finding that he is a "career offender" under section 4B1.1 of the United States Sentencing Guidelines is overruled.

I. BACKGROUND

Joyner was indicted for "knowingly and intentionally distribut[ing] a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, which resulted in the death of [Douglas Johnson] from the use of such substance, and the defendant committed the offense after one or more prior convictions." Indictment at 1, Doc. No. 3. The government filed the appropriate information seeking an enhanced statutory penalty under 21 U.S.C. section 851 providing "the above-referenced offense is a felony drug offense, as defined in 21 U.S.C. § 802(44), and because death resulted from the use of the substance, the defendant's penalties would be enhanced pursuant to 21 U.S.C. § 841(b)(1)(C) to a mandatory sentence of life imprisonment, a fine of $2,000,000, or both, and not less than six years of supervised release." Doc. No. 51. A jury ultimately convicted Joyner of

violating 21 U.S.C. section 841(a)(1) and (b)(1)(C) by distributing fentanyl to Johnson, who died as a result of ingesting the drug. Doc. No. 101.

After conducting a presentence investigation, the probation office prepared a presentence investigation report ("PSR") concluding that Joyner has a base offense level of 43, and that he must be sentenced to a lifetime of imprisonment under federal law because he has a prior felony drug conviction in state court. PSR at 7. The PSR also concluded that Joyner qualifies for the "career offender" enhancement under the sentencing guidelines based on his prior felony convictions for aggravated robbery and possession with purpose to deliver. PSR at 8; *see* U.S.S.G. §4B1.1.

Joyner objects to the PSR's conclusions. He argues that a life sentence is not required because his prior state drug conviction is not a qualifying "felony drug offense" under federal law that triggers a mandatory life sentence. Def.'s Sentencing Memo., Doc. No. 107. He also argues that he is not a career offender under the sentencing guidelines because aggravated robbery under Arkansas law is not a "crime of violence" which would qualify him for the career offender enhancement. *Id.*

## II. DISCUSSION

### A. Felony Drug Offense

A lifetime prison sentence is not mandatory because Joyner's prior drug conviction is not a qualifying "felony drug offense." A life sentence is mandatory when (a) the defendant has a prior felony drug offense and (b) the drug conviction for which he is being sentenced resulted in "death or serious bodily injury." 21 U.S.C. § 841(b)(1)(C). A "felony

drug offense" is an offense "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44).

On its face, it would appear that Joyner meets both requirements; however, the Eighth Circuit applies a "categorical approach" when determining whether a state conviction qualifies as a felony drug offense. *United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019) (citing *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)). The "categorical approach [] looks to the statutory definition of the prior offense, not to the facts underlying a defendant's prior convictions." *Id.* "If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense." *United States v. Vanoy*, 957 F.3d 865, 867 (8th Cir. 2020).

Arkansas Code Annotated section 5-64-436(a) states that "it is unlawful if a person possesses a Schedule VI controlled substance with the purpose to deliver the Schedule VI controlled substance." At the time of Joyner's offense, "Schedule VI drugs," as defined by the Arkansas Administrative Code and other state statutes, included substances that were not controlled substances under federal law. *Compare* Ark. Admin. Code, Sched. VI § 5-64-215(a) (2022) *and* Ark. Code Ann. § 5-64-215 *with* 21 U.S.C. § 802. In his objection, Joyner points to Salvia divinorum and Salvinorin A, which are not federally prohibited. Def.'s Sentencing Memo. at 7; *compare* Ark. Admin. Code, Sched. VI; Ark. Code Ann. § 5-64-215(a) (2022) *with* 21 U.S.C. § 802(44) *and* § 802(16). While federal law prohibits

optical, positional, and geometric isomers, Arkansas law more broadly prohibits "any of their salts, isomers, and salts of isomers" and "derivatives[] or their isomers." *Compare* 21 U.S.C. § 812, Sched. I(c), 21 U.S.C. § 802(14), *and* 21 C.F.R. 1308.11(d) *with* Ark. Admin. Code, Sched. VI; Ark. Code Ann. § 5-64-215 *and* Ark. Code Ann. § 5-64-101(16). Finally, Arkansas's definition of marijuana encompasses "any part and any variety or species, or both, of the Cannibis that contains THC" while federal law bans "all parts of the plant Cannibis sativa L." *Compare* Ark. Code Ann. § 5-64-101(16) *with* 21 U.S.C. § 802(16)(A). Under the categorical approach, Arkansas's Schedule VI prohibits substances that the federal definition of "felony drug offense" does not. Since the Arkansas statute criminalizes conduct more broadly than the federal definition, a conviction under section 5-64-436 is not a "felony drug offense" and therefore cannot create a mandatory life sentence under section 841(b)(1)(C).

While this order was being edited, Joyner and the government filed supplemental briefs, *see* Doc. No. 118–119; however, the authority provided in those briefs does not affect the analysis herein because the Arkansas statute contains substances that are not federally prohibited.

The government argues that the modified categorical approach should be used, but that does not apply here because "Schedule VI" is an indivisible element of the statute. When a statute lists alternative elements—rather than merely alternative means of committing a crime—that statute is "divisible," and courts use a modified categorical approach to ascertain which element supported the conviction. *See Mathis v. United States*,

579 U.S. 500, 505 (2016). If drugs prohibited by section 5-64-436 were alternative elements rather than means, the modified categorical approach would be used to determine which substance formed the basis of Joyner's prior conviction; but that is not the case. Section 5-64-436 is indivisible because the related statutes list alternative means to commit the crime, not alternative elements.

This analysis can be confusing, so reference to the Supreme Court's discussion of it is instructive. In *Mathis v. United States*, 579 U.S. 500, 506 (2016), the Court explained that "[e]lements" are parts of a crime that a prosecutor must prove beyond a reasonable doubt to obtain a conviction, while "means" are different ways that an element can be committed. For example:

> "suppose a statute requires use of a 'deadly weapon' as an element of a crime and further provides that the use of a 'knife, gun, bat, or similar weapon' would all qualify. Because that kind of list merely specifies diverse means of satisfying a single element of a single crime . . . a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors 'conclude[d] that the defendant used a knife' while others 'conclude[d] he used a gun,' so long as all agreed that the defendant used a 'deadly weapon.'"

*Id.* (internal citations omitted). Here, the Arkansas statute prohibits possession of "Schedule VI controlled substance[s]," but the prosecution need not prove any particular Schedule VI controlled substance to obtain a conviction. The jury would not have to agree on whether Joyner had marijuana as compared to Salvia to convict him, only that he had some Schedule VI substance. It follows, then, that individual substances like marijuana or Salvia divinorum are means of committing the element of possessing a Schedule VI substance. Thus, Arkansas Code Annotated section 5-64-436(a) does not list alternative elements, and the modified

categorical approach does not apply.

Moreover, the Arkansas Supreme Court's precedent confirms that Arkansas Code Annotated section 5-64-436(a) is not divisible regarding the element "Schedule VI controlled substance," and federal courts defer to state courts in determining how state statutes are divisible. *United States v. McMillan,* 863 F.3d 1053, 1057 (8th Cir. 2017) (looking to state court decisions in "analyzing which words or phrases of a statute form the elements of a crime."). In *Pitts v. State*, 256 Ark. 693, 695 (1974), the Arkansas Supreme Court determined that the statute is not divisible. In that case, the defendant was convicted on three counts of simultaneously possessing morphine, cocaine, and secobarbital. On appeal, the defendant argued that he could only be convicted under one count even though the statute's subsection covered three separate drugs. The court held that "the simultaneous possession for delivery of drugs classified as a narcotic drug . . . constitutes *but one offense.*" *Id.* This means that the various substances prohibited by the statute are not alternative elements for alternative crimes—they are alternative means of committing the same offense. In that the Arkansas Supreme Court has held that drugs covered by the same subsection are alternative *means* of committing a single offense, the modified categorical approach cannot be applied.

The government's position is that Arkansas Code Annotated section 5-64-436(a) is divisible; the modified categorical approach should be used to look at the facts underlying Joyner's conviction which would show that he was convicted for marijuana (instead of the statute's language of Schedule VI substance); and then consider marijuana when deciding if Joyner has a qualifying "felony drug offense." This is a very rational argument, but the

modified categorical approach can be used only to help identify a statute's elements when the statute is ambiguous; it is not to be "repurposed" to determine "whether a defendant's prior conviction, even though for too-broad a crime, rested on facts (or otherwise said, involved means) that also could have satisfied the elements of a generic offense." *See Mathis*, 579 U.S. at 513–14.

In summation, the categorical approach, rather than the modified categorical approach, applies, and a conviction under Arkansas Code Annotated section 5-64-436 is not a "felony drug offense" because its definition of Schedule VI substances is broader than the federal definition. For these reasons, a life sentence is not mandated by 21 U.S.C. section 841.

B. Career Offender

Joyner is a career offender under the sentencing guidelines because he has three predicate offenses. The guidelines prescribe sentencing enhancements for "career offenders" who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. "A crime of violence is an offense that: (1) has as an element the use, attempted use, or threatened use of physical force against another person ('force clause'); or (2) constitutes one of several enumerated offenses, such as murder, kidnapping, or, as relevant here, robbery ('enumerated offenses clause')." *United States v. Ellis*, 127 F.4th 1122, 1126 (8th Cir. 2025) (citing U.S.S.G. § 4B1.2(a)). Under section 4B1.2(b) of the sentencing guidelines, a "controlled substance offense" is "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, [] dispensing . . . or the possession of a controlled substance . . . with intent to manufacture,

import, export, distribute, or dispense."

Joyner does not contest that his prior drug offense is a "controlled substance offense" under section 4B1.1 of the guidelines. Unlike 21 U.S.C. section 841's "felony drug offense," sentencing guidelines section 4B1.1's "controlled substance offense" applies broadly to prohibited controlled substances under state or federal law. "There is no requirement that the particular substance underlying the state offense is also controlled under a distinct federal law." *United States v. Henderson*, 11 F.4th 713, 718 (8th Cir. 2021). Indeed, Joyner's prior drug offense satisfies section 4B1.1 because it is a state offense for "possession of a controlled substance . . . with intent to . . . distribute." U.S.S.G. § 4B1.2(b).

Joyner, however, argues that his prior aggravated robbery conviction is not a "crime of violence." Def.'s Sentencing Memo. at 11–21. He asserts that the Eighth Circuit's precedent is no longer good law following the Supreme Court's decision in *Borden v. United States*, 539 U.S. 420, 429 (2021) (holding that offenses that could be committed with reckless intent are not violent felonies under the force clause). After *Borden*, however, the Eighth Circuit ruled that robbery is a "crime of violence" because it is an enumerated offense in section 4B1.1(a)(2). *See United States v. Ellis*, 127 F.4th 1122, 1127 (8th Cir. 2025). Thus, even if Joyner were to prevail on his argument that aggravated robbery under Arkansas law does not meet the "force" requirement of 4B1.1(a)(1), it is still a crime of violence because it is an "enumerated offense" under 4B1.1(a)(2).

Finally, Joyner also has a 2020 conviction for Terroristic Threatening in the 1st Degree, and the Eighth Circuit has held that this is a crime of violence under section 4B1.1.

PSR at 9; *See United States v. Myers*, 928 F.3d 763, 767 (2019).

For these reasons, Joyner has two qualifying crimes of violence and one qualifying controlled substance offense under the "career offender" guideline. He is therefore a "career offender" under section 4B1.1.

III. CONCLUSION

For these reasons, Joyner's objection to the PSR's finding that his prior drug conviction is a "felony drug offense" under 21 U.S.C. section 841(b)(1)(C) is sustained and his objection to its finding that he is a "career offender" under section 4B1.1 of the United States Sentencing Guidelines is overruled.

The government and Joyner have seven days to file objections to this order.

IT IS SO ORDERED this 28th day of October, 2026.

Brian S Miller

UNITED STATES DISTRICT JUDGE